IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiffs,

vs.                                        Cr. No. 14-3915 JH

MIGUEL RODRIGUEZ-MESA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *Opposed Motion to Reconsider the Court's Letter Order* [Doc. 45], the Government's response [Doc. 47], and Defendant's reply [Doc. 48]. In the motion, defense counsel Sylvia Baiz accuses the Court and the Government of engaging in improper *ex parte* communications, to her client's detriment. The motion is unfounded and will be denied in its entirety.

## BACKGROUND

At a hearing on Defendant's motions to suppress [Docs. 31 and 32] held on April 16, 2015, the Court heard testimony that Defendant and his girlfriend, Taira Camacho, were traveling together by train from Fullerton, California to Orlando, Florida via Amtrak train. When the train stopped in Albuquerque, a search of the couple's roomette by a DEA agent revealed the presence of illegal narcotics. Defendant testified that all the luggage, including the laptop bag containing the narcotics, belonged to both him and Camacho, and that the other contents of the bag, including a laptop computer and some papers, belonged to Camacho. Ms. Baiz has indicated that she plans to call Camacho as a witness when the evidentiary hearing on the motions to suppress resumes. That hearing presently is set for May 5, 2015.

On April 17, 2015, counsel for the Government, Paul Mysliwiec, emailed the Court with a copy to Ms. Baiz. *See* Doc. 47-1. Attaching his prior correspondence with Ms. Baiz on the issue, Mr. Mysliwiec pointed out that given the facts in evidence at the hearing, it is possible that Ms. Camacho may incriminate herself when she testifies at the hearing. Mr. Mysliwiec asked, "What is the best way to bring the issue to the Court's attention in advance of day 2 of the Romero-Vega suppression hearing so that day 2 goes smoothly?" The Court, also foreseeing Fifth Amendment issues that may arise from Ms. Camacho's testimony, *sua sponte* appointed counsel for Ms. Camacho and ordered Ms. Baiz—who presumably has contact information for her witness, who also happens to be her client's girlfriend—to notify Ms. Camacho of such appointment. *See* Doc. 41.

## DISCUSSION

Defense counsel now moves the Court to reconsider that Order. She argues first that "the issue should have been brought to the Court's attention by the government in a motion, not an ex parte communication." Doc. 45 at 1. Black's Law Dictionary, 7th edition, defines *ex parte* as "done or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested." Because the Government copied Ms. Baiz on its emails to the Court, they were not done "without notice to" the Defendant and therefore were not *ex parte*.

Second, defense counsel argues that Mr. Mysliwiec did not provide her with the email he sent to the Court, so she does not know what other statements he may have made to the Court. However, as shown in the email itself [Doc. 47-1], Mr. Mysliwiec indeed <u>did</u> copy Ms. Baiz on his communication with the Court. The Court does not tolerate *ex parte* communications with counsel for any party and has received no such communications from the Government in this

case. The emails that the Court received from Mr. Mysliwiec clearly show that he copied Ms. Baiz on those messages at her court-registered email address. If Ms. Baiz did not receive one of the messages for some reason, that does not transform Mr. Mysliwiec's email into an improper *ex parte* communication.

Third, Ms. Baiz takes issue with the fact that the Court stated in its letter [Doc. 41] that the defense had subpoenaed Ms. Camacho. The Court fails to see the relevance of this argument. Regardless of whether Defendant subpoenaed Ms. Camacho or she intends to appear voluntarily, it is logical to assume that defense counsel has or is capable of obtaining accurate contact information for her. If defense counsel does not have and cannot reasonably obtain such contact information, she must inform the Court immediately.

Fourth, Ms. Baiz falsely accuses Mr. Mysliwiec of a second improper *ex parte* communication in the form of an email he sent the Court transmitting the Government's transcript of an audio recording.[1] Again, because the Government copied Ms. Baiz on the email, it is not an *ex parte* communication. Ms. Baiz complains that the Court set the hearing on May 5 "prior to giving the defense an opportunity to have this [transcript] reviewed by her own translator, as if that would not be necessary." Doc. 45 at 2. At the April 16, 2015 hearing, the Court informed counsel that it wished to complete the hearing as soon as possible. Ms. Baiz stated that her office's Spanish language interpreter would be unavailable the week of April 20, 2015. If that statement was accurate, that means that Ms. Baiz and her interpreter would have more than a week to review the Government's proffered transcript before the May 5 hearing. Thus, if the Defendant wishes to offer an alternative translation of the recording or to dispute the Government's proposed translation, it appears he would have adequate opportunity to do so. And

---

[1] The Government's transcript has not yet been offered or admitted into evidence.

if, despite reasonable diligence, defense counsel cannot be prepared to resume the hearing on May 5, she may file a motion to that effect. Until such time, there is nothing for the Court to address.

In the final paragraphs of her motion to reconsider and in her reply, defense counsel reminds the Court that *ex parte* communications are unethical and not permitted by the Rules of Professional Responsibility. The Court assures Ms. Baiz that it is fully aware of its ethical responsibilities and is confident that it has adhered to the Rules of Professional Responsibility. Further, the Court reminds Ms. Baiz that it is her ethical responsibility to act in the best interest of her client, and that filing baseless motions such as the one currently before the Court is not in Mr. Rodriguez-Mesa's best interest.

Finally, Defendant offers no authority stating that a court may not appoint counsel for a witness *sua sponte* where, as in this case, the Court has already heard testimony that would strongly suggest the possibility that the witness may incriminate herself. Although Defendant suggests that the Court's appointment of counsel for Ms. Camacho infringes upon his right to present a defense, that argument simply lacks merit. "The Fifth . . . and Sixth Amendments concomitantly provide a criminal defendant the right to present a defense by compelling the attendance, and presenting the testimony, of his own witnesses." *United States v. Serrano*, 406 F.3d 1208, 1215 (10th Cir. 2005); *see also Washington v. Texas*, 388 U.S. 14, 19 (1967) (holding the right to present witnesses and establish a defense is "a fundamental element of due process of law"). The right to present a defense can be infringed if the court or the prosecution substantially interferes with a defense witness' decision to testify through threats and intimidation. *Webb v. Texas*, 409 U.S. 95, 97-98 (1972) (per curiam) (holding trial judge's "lengthy and intimidating warning" and "threatening remarks," causing defendant's only witness to invoke the Fifth

Amendment, violated the Due Process Clause); *Serrano*, 406 F.3d at 1215-16 (applying *Webb* to the prosecution). Here, there have been no threats, intimidation, or coercion of Ms. Camacho. Indeed, the Court has not communicated with Ms. Camacho in any fashion. The Court has merely appointed counsel to be available to consult with Ms. Camacho prior to (and during, if she wishes) Ms. Camacho's testimony. No one has infringed on Defendant's right to present a defense.

In short, the Defendant fails to raise any colorable argument as to why the Court should not appoint counsel for Ms. Camacho, or as to why defense counsel should not be required to give notice to Ms. Camacho of the same. For this reason, the Defendant's *Opposed Motion to Reconsider the Court's Letter Order* [Doc. 45] is **DENIED**.

**IT IS FURTHER ORDERED** that no later than close of business on Friday, May 1, 2015, Ms. Baiz must inform Ms. Camacho of this Court's appointment of Lisa Toracco [see Doc. 42] to advise her in connection with her testimony in this case, as well as provide Ms. Camacho with Ms. Toracco's contact information.

_____
**UNITED STATES DISTRICT JUDGE**