IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiffs,

vs.                                                  Cr. No.  14-3915 JH

MIGUEL RODRIGUEZ-MESA,

        Defendant.

### MEMORANDUM OPINION AND ORDER

      This matter is before the Court on the *United States' Motion to Proceed With Suppression Hearing* [Doc. 80]. On February 20, 2015, Defendant filed a motion and amended motion to suppress evidence [Docs. 30-32], and on April 16, 2015, the Court held a hearing on the motion at which the government presented evidence and the Defendant testified on his own behalf. At the end of the day, Defendant stated his intention to present additional evidence. However, after that day, Defendant violated his conditions of release and became a fugitive, and the hearing on the motion to suppress was never completed. At this time, Defendant's whereabouts are still unknown. The issue before the Court is whether it should proceed with the hearing in Defendant's absence.

      The Court concludes that it should not go forward with the suppression hearing at this time. The Supreme Court has held that a defendant must be present at any critical stage of the prosecution. *Hopt v. Utah*, 110 U.S. 574, 579, 4 S.Ct. 202, 28 L.Ed. 262 (1884); *Rushen v. Spain*, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) (*ex parte* communications between judge and juror did not violate accused's right to be present); *Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). The defendant's right to be present at a critical stage is

rooted to a large extent in the confrontation clause. *United States v. Gagnon*, 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). It is a part of the adversary system. To the Court's knowledge, the Supreme Court has not directly addressed whether a pretrial motion to suppress constitutes a "critical stage" of the proceeding. *See Gomez v. Thaler*, 526 Fed. Appx. 355, 359 and n.3 (5th Cir. 2013) (unpublished). However, various circuit courts to address the question have concluded that a suppression motion is, indeed, a "critical stage." *See, e.g., United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011, 1016-17 (7th Cir. 1988) (determining that counsel's failure to file a responsive brief in the State's appeal from the grant of a pretrial motion to suppress constituted absence of counsel during a "critical stage"); *Henderson v. Frank*, 155 F.3d 159, 163, 166 (3d Cir. 1998) (stating that a suppression hearing is a "critical stage"); *United States v. Hamilton*, 391 F.3d 1066, 1070 (9th Cir. 2004) (deciding on direct appeal that a pretrial motion to suppress evidence constitutes a "critical stage" of the proceeding); *United States v. Hodge*, 19 F.3d 51, 53 (D.C. Cir. 1994) (stating that "a suppression hearing is a 'critical stage of the prosecution' affecting substantial rights of an accused"). The Court agrees with these circuit court decisions. The motion to suppress is a "critical stage" because it will determine whether damning evidence may be admitted into evidence at trial, and because it involves credibility determinations and the resolution of significant factual disputes. By going forward, the Court would deprive Defendant of the right to confront the witnesses against him.

The government argues that if the Court does not proceed with the hearing, "the evidence adduced on the first day of the hearing becomes lost to history." Doc. 80 at 2. The Court disagrees. The testimony presented on that day is preserved by the transcript, and any exhibits admitted at the hearing are preserved as well. Indeed, if any evidence or recollection is lost, it is that of potential witnesses that Defendant would offer to testify on his behalf. In that regard, any

further delay would seem to benefit the government (though of course the Defendant, who has absconded, has only himself to blame for that). For the foregoing reasons,

**IT IS THEREFORE ORDERED** that the *United States' Motion to Proceed With Suppression Hearing* [Doc. 80] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**